IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BayWa r.e. AG,<br><br>    Arabellastr. 4, 81925<br>    Munich, Germany<br><br>        *Petitioner*,<br><br>v.<br><br>Kingdom of Spain,<br><br>    Abogacia General del Estado<br>    Calle Ayala, 5<br>    28001 - Madrid<br>    Spain<br><br>        *Respondent*. | Civil Action No. _____ |

**Petition to Enforce Arbitral Award**

Petitioner BayWa r.e. AG brings this action to enforce an arbitral award (the "Award") issued on January 25, 2021, in ICSID Case No. ARB/15/16 against Respondent, the Kingdom of Spain ("Spain"), following arbitration proceedings conducted in accordance with the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"). Pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, arbitral awards issued under the ICSID Convention are not subject to collateral attack and must be enforced and given the same full faith and credit as if the award were a final judgment of a court in the United States.

Accordingly, Petitioner requests that this Court (1) enter an order enforcing the Award in the same manner as a final judgment issued by a court of one of the several states, and (2) enter

judgment in Petitioner's favor in the amount of €22,006,000, together with interest at the six-month EURIBOR rate, compounded semi-annually, from July 13, 2013 until the date of payment.

A certified copy of the Award is attached as Exhibit A to the Declaration of Matthew S. Rozen ("Rozen Decl."), Exhibit 1 hereto. The Tribunal's Decision on Jurisdiction, Liability and Directions on Quantum ("Jx. Dec.") is attached to the Award and incorporated by reference therein. *See* Award ¶ 5. A copy of the ICSID Convention is attached hereto as Exhibit 2.

## Parties

1. Petitioner BayWa r.e. AG, formerly BayWa r.e. Renewable Energy GmbH, is a limited liability company incorporated under the laws of Germany, Company Number HRB 264 823.

2. BayWa r.e. AG participated in the arbitration under the name BayWa r.e. Renewable Energy GmbH, together with its former subsidiary BayWa r.e. Asset Holding GmbH. The Award was issued in the name of BayWa r.e. Renewable Energy GmbH and BayWa r.e. Asset Holding GmbH.

3. After the Award was issued, BayWa r.e. Renewable Energy GmbH was renamed BayWa r.e. AG, and that entity merged with BayWa r.e. Asset Holding GmbH.

4. As a result of the merger, BayWa r.e. AG now holds all rights to the Award and any proceeds therefrom.

5. For simplicity, BayWa r.e. Renewable Energy GmbH, BayWa r.e. Asset Holding GmbH, and BayWa r.e. AG are referred to collectively herein as BayWa.

6. Respondent, the Kingdom of Spain, is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1332, 1391(f), 1602-1611.

**Jurisdiction and Venue**

7. This Court has subject-matter jurisdiction over this action pursuant to the FSIA, 28 U.S.C. § 1330(a), because this is a "nonjury civil action against a foreign state" on a claim "with respect to which the foreign state is not entitled to immunity" under the FSIA. Pursuant to Section 1605(a)(1) of the FSIA, Spain is not entitled to immunity from this Court's jurisdiction in an action to enforce an ICSID Convention award because it has waived that immunity by agreeing to the ICSID Convention. *See Tatneft v. Ukraine*, 771 F. App'x 9, 9 (D.C. Cir. 2019) (per curiam); *Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 84 (2d Cir. 2013). Further, pursuant to Section 1605(a)(6) of the FSIA, Spain is not immune from suit because this is an action to enforce an arbitral award governed by the ICSID Convention, which is a treaty in force in the United States for the recognition and enforcement of arbitral awards. *Blue Ridge,* 735 F.3d at 85.

8. This Court also has subject-matter jurisdiction pursuant to 22 U.S.C. § 1650a(b), which provides that "[t]he district courts of the United States . . . shall have exclusive jurisdiction over actions and proceedings" to enforce awards entered under the ICSID Convention.

9. This Court has personal jurisdiction over Spain pursuant to the FSIA, 28 U.S.C. § 1330(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(f)(4).

10. The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., does "not apply to enforcement of awards rendered pursuant to the [ICSID] convention." 22 U.S.C. § 1650a(a). Thus, the FAA's jurisdictional requirements do not apply to this action.

**The Underlying Dispute**

11. Beginning in 1997, Spain adopted legislation that liberalized its electricity market and sought to attract investment in renewable energies within its territory. Jx. Dec. ¶¶ 86-186. In reliance on the financial incentives and inducements provided by these legislative measures, beginning in 1999, BayWa's corporate predecessors—a series of entities incorporated in

3

Germany—invested in Spanish companies that own and operate wind farms in Spain's territory. *Id*. ¶¶ 62-81. By 2011, BayWa held the majority of shares along with participative loans in those Spanish companies. *Id*. After a change in governmental leadership, Spain adopted a series of laws between 2012 and 2015 retrenching on, and eventually revoking, the economic incentives on which BayWa had relied in investing in the wind farms. *Id*. ¶¶ 187-212. In particular, Spain not only discontinued the payment of subsidies under the previous regulatory regime, but also clawed back the subsidies previously paid. *Id*. ¶¶ 463, 487-96; *see* Award ¶¶ 6, 17-18, 26-27.

12. BayWa's investments in wind farms were protected by the Energy Charter Treaty ("ECT") (Exhibit 3 hereto), which "establishes a legal framework [for] promot[ing] long-term cooperation in the energy field," ECT, art. 2, and seeks to "create stable, equitable, favourable and transparent conditions for Investors . . . includ[ing] a commitment to accord . . . fair and equitable treatment," *id* art. 10(1); Jx. Dec. ¶ 456.

13. The ECT protects investments in the territory of a "Contracting Party" to the treaty by "Investors" located or incorporated in "other Contracting Parties." ECT, arts. 1(7), 10(1), 26.

14. Spain is a Contracting Party to the ECT,[1] so the ECT protects investments in Spain by investors located or incorporated in other Contracting Parties. Award ¶ 1; Jx. Dec. ¶ 1.

15. BayWa is an investor under the ECT, and is incorporated under the laws of Germany, which is a party to the ECT.[2] BayWa's investments in Spain are therefore protected by the ECT. Jx. Dec. ¶¶ 246-51.

16. Contracting Parties to the ECT consent to submit disputes arising under that treaty to arbitration. Article 26(3)(a) of the ECT provides that "each Contracting Party hereby gives its

---

[1] ECT, *Signatories/Contracting Parties* (Feb. 18, 2019), https://energycharter.org/process/energy-charter-treaty-1994/energy-charter-treaty/ signatories-contracting-parties/.

[2] *Id.*

unconditional consent to the submission of a dispute to international arbitration . . . in accordance with the provisions of this Article."  Article 26(4)(a)(i) further provides that where "the Contracting Party of the Investor and the Contracting Party . . . to the dispute are both parties to the ICSID Convention," the dispute will be submitted for arbitration under that convention.  Accordingly, Spain consented to arbitrate the underlying dispute pursuant to the ICSID Convention.

17. On April 16, 2015, BayWa filed a request with the International Centre for Settlement of Investment Disputes ("ICSID") for arbitration under the ICSID Convention.  Jx. Dec. ¶ 5.  BayWa contended that Spain's legislative and regulatory actions that retrenched on the incentives offered for BayWa's investments and clawed back the subsidies it received constituted a breach of Spain's obligations under the ECT.  *Id.* ¶¶ 1-2, 234-36, 319-54.

18. An ICSID arbitral tribunal (the "Tribunal") was constituted on November 6, 2015.  Jx. Dec. ¶ 13.

19. The Tribunal conducted hearings on jurisdiction, merits, and quantum in Paris, France from November 6, 2017, to November 10, 2017 and in The Hague, the Netherlands from May 22, 2018, to May 23, 2018.  Jx. Dec. ¶¶ 40, 55.

20. On December 2, 2019, the Tribunal issued its Decision on Jurisdiction, Liability and Directions on Quantum, a 238-page decision that is incorporated by reference in the Award, in which it decided, among other things, that the Tribunal had jurisdiction over the dispute, Jx. Dec. ¶¶ 262, 283; and that by "clawing back . . . subsidies earlier paid" to the Spanish companies in which BayWa had invested, Spain had breached its obligation under Article 10(1) of the ECT to create stable conditions for BayWa's investments, *id.* ¶¶ 496, 535, 591(d), 629(c).  The Tribunal

reserved for future proceedings the calculation of the amount of compensation due to BayWa. *Id.* ¶¶ 615-16, 630.

21. On January 25, 2021, the Tribunal issued the Award, in which it ordered Spain to pay €22,006,000 as compensation, in addition to interest at the six-month EURIBOR rate, compounded semi-annually, from July 13, 2013 until the date of payment. Award ¶ 76(a).

## Legal Basis for Relief

22. The ICSID Convention provides that contracting parties must "recognize an award rendered pursuant to [the] Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." ICSID Convention, art. 54(1). The ICSID Convention further provides that a contracting state "with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state." *Id.*

23. The United States is a contracting party to the ICSID Convention and is therefore obligated to enforce the Award as if it were a final judgment of a court in the United States.[3] That obligation is fulfilled by 22 U.S.C. § 1650a, which provides:

> (a) An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.

24. Arbitral awards issued against a foreign state pursuant to the ICSID Convention may be enforced by bringing a plenary action in federal court in compliance with the requirements

---

[3] ICSID, *List of Contracting States and Other Signatories of the Convention* (Aug. 4, 2021), https://icsid.worldbank.org/sites/default/files/2021_Aug_4_ICSID_3_ENG.pdf.

for commencing a civil action under the Federal Rules of Civil Procedure, and with the personal jurisdiction, service, and venue requirements of the FSIA. *See Micula v. Gov't of Romania*, 104 F. Supp. 3d 42, 49-50 (D.D.C. 2015); *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 100, 117-20 (2d Cir. 2017).

25. Awards issued pursuant to the ICSID Convention are not subject to collateral attack in enforcement proceedings under 22 U.S.C. § 1650a. "Member states' courts are . . . not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; under the Convention's terms, they may do no more than examine the judgment's authenticity and enforce the obligations imposed by the award." *Mobil Cerro*, 863 F.3d at 102.

26. The ICSID Convention therefore "reflects an expectation that the courts of a member nation will treat the award as final." *Mobil Cerro*, 863 F.3d at 102; *see also* ICSID Convention, arts. 53(1), 54(1). Consistent with this mandate, 22 U.S.C. § 1650a(a) provides that the FAA "shall not apply to enforcement of awards rendered pursuant to the convention," thereby "mak[ing] [the FAA's defenses] unavailable to ICSID award-debtors in federal court enforcement proceedings." *Mobil Cerro*, 863 F.3d at 120-21. District courts thus enforce ICSID awards without allowing substantive challenges to enforcement of the awards. *See, e.g., Tethyan Copper Co. PTY Ltd. v. Islamic Republic of Pakistan*, No. 1:19-cv-2424, 2022 WL 715215, at *10, __ F. Supp. 3d __, (D.D.C. Mar. 10, 2022); *Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*, 2018 WL 6605633, at *6 (D.D.C. Dec. 17, 2018); *Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*, 904 F. Supp. 2d 131, 132-34 (D.D.C. 2012); Order, *Republic of Panama v. Jurado*, No. 8:12-cv-1647, Doc. 18 (M.D. Fla. June 13, 2013).

**Cause of Action and Request for Relief**

27. Arbitral awards issued pursuant to the ICSID Convention are subject to mandatory enforcement in the courts of the United States, which must give those awards the same full faith and credit as a final judgment issued by a state court. 22 U.S.C. § 1650a(a).

28. The Award was rendered in accordance with the ICSID Convention against Spain and in BayWa's favor. BayWa is therefore entitled to enforce the Award's pecuniary obligations against Spain.

29. Accordingly, BayWa is entitled to an order (a) enforcing the Award in the same manner as a final judgment issued by a court of one of the several states, and (b) entering judgment in BayWa's favor in the amount specified in the Award.

30. BayWa requests that the Court enter judgment in euros, which is the currency specified in the Award. *See* Award ¶ 76(a). This Court has authority to enter judgment in a foreign currency when requested by the judgment creditor. *See Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 158 (D.D.C. 2013), *aff'd*, 603 F. App'x 1, 4 (D.C. Cir. 2015); *accord Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 220 (D.C. Cir. 2018).

WHEREFORE, BayWa requests that the Court enter an order:

(a) enforcing the Award against Spain in the same manner as a final judgment issued by a court of one of the several states; and

(b) entering judgment against Spain and in BayWa's favor in the amount of €22,006,000, together with interest on the damages award at the six-month EURIBOR rate, compounded semi-annually, from July 13, 2013 until the date of payment.

Dated: August 12, 2022

Respectfully submitted,

/s/Matthew D. McGill
Matthew D. McGill, D.C. Bar #481430
mmcgill@gibsondunn.com
Matthew S. Rozen, D.C. Bar #1023209
mrozen@gibsondunn.com
Ankita Ritwik, D.C. Bar #1024801
aritwik@gibsondunn.com
Luke Zaro, D.C. Bar #1670941
lzaro@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for BayWa r.e. AG*